ANDERSON'S EROSION CONTROL, INC.,
and Ross Bros. & Company, Inc.,
*Appellants,*

*v.*

STATE OF OREGON, acting by and through
DEPARTMENT OF TRANSPORTATION
and Office of Minority, Women and
Emerging Small Business,
*Respondent,*

*and*

BRACELIN-YEAGER EXCAVATING
& TRUCKING, INC.,
*Intervenor below.*

(94C-10093; CA A85183)

917 P2d 537

Robert L. O'Halloran argued the cause for appellants. On the briefs were Tamera H. Lesh and Allen, Yazbeck & O'Halloran, P.C.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, Richardson, Chief Judge, and Edmonds, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Plaintiffs appeal a judgment dismissing their complaint for an injunction to prohibit the Oregon Department of Transportation (ODOT) from accepting the bid of and awarding a construction contract to intervenor Bracelin-Yeager Excavating & Trucking, Inc. Plaintiffs had also submitted a bid proposal and brought this action under ORS 279.067(1) as an "adversely affected" bidder. The court, after dismissing the complaint, also awarded ODOT attorney fees. ORS 279.067(4).

In their first assignment, plaintiffs contend that:

> "The circuit court erred in denying plaintiffs' third motion for preliminary injunction because Standard Specification 00130.00 is not ambiguous."

Plaintiffs had argued in the trial court that the acceptance of the bid of intervenor was improper because, under the unambiguous provisions of Standard Specification 00130.00, the bid had expired before ODOT awarded the contract. Specification 00130.00 provides, as material:

> "Proposals will be considered and a contract awarded or all proposals rejected within 30 calendar days from the opening of proposals. No proposal will be valid for a longer period unless the special provisions or a written agreement provides otherwise."

The bid was accepted and the contract awarded on the 33rd day after the bids were opened. There was no written agreement by intervenor, made within 30 days from bid opening, to extend its bid. In other words, the agreement to extend its bid was made after the 30th day.

Plaintiffs' essential argument to the trial court was that by the unambiguous language of specification 00130.00, the bid expired on the 30th day and any agreement to extend it had to be made before the bid expired. In order to award the contract, plaintiffs argue, ODOT would have to begin the bid process again, under ORS chapter 279. The trial court held that the specification was ambiguous as to when the bid could be extended and that ODOT's interpretation of the specification, which has the status of an agency rule, was

entitled to deference. We agree with the trial court's analysis. *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994). The bid extension was valid under the bid specification plaintiffs cite.

For the first time at oral argument in this court, plaintiffs raised a new theory about the authority of ODOT to accept the bid. It contended that certain provisions of the Attorney General's Model Public Contract Rules governed this case. Plaintiffs argue that we should consider this new theory because it only requires application of the Attorney General's rules to a simple undisputed fact situation.

ORAP 5.45(2) provides:

> "No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

We express no opinion whether the designated Model Rules have been adopted by ODOT or whether they may be applicable to this bidding process. We decline to address this new contention. It was not preserved below, was not assigned as error or otherwise raised in plaintiffs' briefs, and is not an error apparent on the face of this record.

Plaintiffs' second assignment contends that the court erred by awarding attorney fees to ODOT. The only argument made is that plaintiffs should have prevailed below and, therefore, ODOT is not a "successful party" entitled to attorney fees. Because we conclude that the trial court did not err in dismissing the complaint, we also hold that attorney fees were properly awarded.

Affirmed.